**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ALLYSON GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02532-SHL-cgc |
| | ) | |
| VIBRANT HOTELS, INC. d/b/a | ) | |
| ALOFT MEMPHIS DOWNTOWN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER MODIFYING PREVIOUS ORDER DIRECTING PARTIES TO SUBMIT
SETTLEMENT AGREEMENT FOR COURT APPROVAL**

After Plaintiff Allyson Gibson filed a notice dismissing her FLSA action against

Defendant Vibrant Hotels, Inc. d/b/a Aloft Memphis Downtown (ECF No. 13), on July 9, 2026,

the Court directed the Parties to submit the terms of the FLSA settlement agreement for the

Court's approval.  (ECF No. 14 at PageID 34.)  The Court understood that it had an obligation to

ensure that the agreement was "a fair and reasonable resolution of a bona fide dispute over FLSA

provisions," pursuant to Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Lab., 679

F.2d 1350, 1355 (11th Cir. 1982).

On July 13, however, Gibson's counsel inappropriately[1] phoned the Court's chambers to

relate the Parties' understanding that the settlement of an FLSA retaliation claim—the only claim

remaining in Gibson's amended complaint (ECF No. 12)—did not require Court approval.  This

Court has not previously taken a position on this issue.  The Court has since reviewed Lynn's

Food, which involved an unsatisfactory compromise over back wages.  That case explained that

---

[1] In the future, counsel should stake out legal positions on the record, not by way of an ex parte phone call to chambers.

"[t]here are only two ways in which <u>back</u> <u>wage</u> <u>claims</u> arising under the FLSA can be settled or compromised by employees." <u>Lynn's Food</u>, 679 F.2d at 1352 (emphasis added).

Here, however, the amended complaint does not allege a back wage claim, but a retaliation claim. Thus, <u>Lynn's Food</u>'s requirement that a district court approve an FLSA settlement for back wages does not apply to this case, which involves no FLSA back wage claim. <u>See</u> <u>Davis v. Harper Hill & Assocs., Inc.</u>, No. 21-CV-235, 2021 WL 8200220, at *1 (M.D. Fla. pAug. 17, 2021), <u>report and recommendation adopted,</u> No. 21-CV-235, 2021 WL 8200234 (M.D. Fla. Sep. 10, 2021) ("A settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of any FLSA back wage claim."). Accordingly, the Court need not supervise the Parties' settlement.

Thus, Gibson's Notice of Dismissal with Prejudice is sufficient to dismiss this action under Rule 41(a)(1)(A)(i).

**IT IS SO ORDERED,** this 13th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2